| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | AUSA: Katharine Hemann<br>Special Agent: Kyle McGraw | Telephone: (989) 574-8638<br>Telephone: (313) 268-0449 | |

# UNITED STATES DISTRICT COURT
for the
### Eastern District of Michigan

United States of America
   v.
Kijuan Deshawn Ross

Case No.    1:22-mj-30479
Judge: Morris, Patricia T.
Filed: 11-02-2022

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 31, 2022__ in the county of __Saginaw__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 1. 21 U.S.C. §841(a) | 1. Possession with Intent to Distribute |
| 2. 18 U.S.C. §922(g)(1) | 2. Felon in Possession of a Firearm |
| 3. 18 U.S.C. §922(o) | 3. Possession of a Machinegun |
| 4. 18 U.S.C. §924(c)(1)(A)(i) and (B)(ii) | 4. Possession of a Firearm, including a Machinegun, in Furtherance of Drug Trafficking. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*
Kyle McGraw, Special Agent ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __November 2, 2022__

_____
*Judge's signature*

City and state: __Bay City, Michigan__     Patricia T. Morris, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
*United States v. Kijuan Deshawn Ross*

I, Kyle McGraw, being first duly sworn on oath, states that:

1. I am a Special Agent employed with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), U.S. Justice Department, and have been so employed since November 7, 2016. I successfully completed the Criminal Investigations Training Program (CITP) at the Federal Law Enforcement Training Center (FLETC), Brunswick, Georgia. I also completed the Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Basic Training (SABT) National Training Academy conducted in Brunswick, Georgia. During these courses of study, I received training in the investigation of federal firearm and narcotics violations. Previously, I was a certified law enforcement officer in Michigan with the City of Saginaw Police Department and the Saginaw Township Police Department for a total of five years. During which time, I spent two years on the Michigan State Police Bay Area Narcotics Enforcement Team (BAYANET) enforcing state narcotics and firearms violations. I personally investigated and assisted in numerous of cases, which led to search warrants, arrests, prosecutions, and the seizure of large quantities of narcotics and firearms. During my employment with ATF, I have conducted or participated in investigations related to

1

the possession and manufacture of firearms and narcotics in violation of Titles 18, 21, and 26 of the United States Code.

2. I make this affidavit from personal knowledge based on police reports and external documentation provided by the Michigan State Police BAYANET detectives, and others who have personal knowledge of the events and circumstances described herein, and information gained through my review of relevant documents related to this investigation. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

4. On August 30, 2022, D/Tpr. Smith of BAYANET swore out a state search warrant for the residence at 1417 Bloomfield Boulevard Saginaw, Michigan in the Eastern District of Michigan, after establishing probable cause that Kijuan Deshawn ROSS, date of birth XX/XX/1980, was distributing narcotics and utilizing this residence.

5. On August 31, 2022, the Michigan State Police Emergency Services Team and detectives of Michigan State Police BAYANET executed the state search warrant at 1417 Bloomfield Blvd. Prior to the execution of the search warrant, surveillance had been established at the residence. A male was observed entering a Silver Nissan parked in the driveway of the residence and departing the residence. A traffic stop was conducted after the vehicle departed the area and

2

ROSS was the sole occupant of the vehicle. He was detained for investigation pending the search warrant at the residence. Shortly thereafter, members of the Michigan State Police Emergency Services Team executed the search warrant at 1417 Bloomfield Blvd. The residence was secured, and no other persons were located inside.

6. A search of the residence was conducted. Inside the master bedroom of the home approximately 213 grams of crystal methamphetamine were located on the floor behind the door. There were also several rounds of .38 special ammunition and a loaded .40 caliber magazine in the same bedroom. In the middle bedroom of the residence a Feather 9mm semi-automatic rifle loaded with ammunition was located. Located in the kitchen of the residence were an additional 17 grams of methamphetamine and approximately 7.5 grams of suspected cocaine. There was also several indicators of narcotics sales and trafficking in the kitchen to include sandwich baggies, a glass measuring cup with residue, and digital scales. Additionally, a letter addressed to ROSS with 1417 Bloomfield as the address was found in the kitchen. In the living room of the home detectives located a semi-automatic .22 caliber, Ruger Mark IV Pistol with a loaded magazine and ammunition, a Ruger semi-automatic 5.7x29 Pistol with magazine and ammunition, a .38 Special Revolver loaded with six rounds, and a Glock 19 equipped with an auto-sear making it a fully automatic machinegun, loaded with

ammunition. In the basement of the residence, detectives located an additional 16 grams of methamphetamine and a Smith & Wesson .40 caliber, model M&P semi-automatic pistol. Additionally, approximately 28 grams of a suspected cocaine-based substance, commonly known as crack cocaine, was located during the search of the residence.

7. The suspected methamphetamine was field tested and field-tested positive for the same, using a Trunarc scanner by Det. Smith following the search warrant.

8. D/Trp. Smith interviewed ROSS during the search warrant. ROSS was advised of his Miranda Rights from a BAYANET Miranda form and agreed to waive his rights and speak with D/Tpr. Smith. ROSS stated he is unemployed currently. He stated he had just returned from the casino the night before when he stopped home prior to the search warrant. He stated he is the only resident at 1417 Bloomfield and lives there by himself. He admitted to personal use of cocaine but denied knowledge of the methamphetamine in the home. He stopped answering questions at that point and the interview concluded.

9. A review of ROSS' criminal history reveals the following felony convictions:

    a) July 3, 2003: Count 1 (Felony) – Police Officer – Assaulting/resisting/obstructing (Pled Guilty); Count 2 (Felony) – Tampering with Evidence (Pled Guilty).

4

10. ROSS was sentenced to 150 days in jail for the prior two felony convictions. By Michigan law, Felony Tampering with Evidence is an offense punishable by up to 4 years in prison and Felony Assaulting/Resisting/Obstructing a police Officer in Michigan is an offense punishable by up to 2 years in prison. Based on these convictions, ROSS was aware on August 31, 2022, that he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year.

11. I am recognized by the ATF as an expert in the interstate nexus of firearms. The firearm described as a 9mm Luger, pistol equipped with an auto-sear, was manufactured by Glock, model 19, was manufactured outside the state of Michigan. It should be noted the firearm was not manufactured with the auto-sear and was originally manufactured as a semi-automatic firearm.

12. Based on my training and experience, the possession of a total 246 grams of methamphetamine is inconsistent with personal use. Additionally, that amount in conjunction with the digital scales, sandwich baggies and measuring cups that were recovered show an intent to distribute methamphetamine. Furthermore, based on my training and experience, I know that drug dealers often have firearms readily available to protect their drugs, assets, and themselves from being robbed by competitors. As noted above, the agents recovered a total of six

firearms hidden throughout the home and near where the controlled substance were located. All the firearms were loaded, with one in the chamber and ready to fire.

13. Based on the foregoing, there is probable cause to believe that on August 31, 2022 in the Eastern District of Michigan, ROSS possessed methamphetamine with the intent to distribute in violation of 21 U.S.C. §841(a), and, knowing that he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting interstate commerce, a firearm, in violation of 18 U.S.C. § 922(g)(1) and the firearm he knowingly possessed was a machinegun in violation of 18 U.S.C. §922(o). Furthermore, there is probable cause to believe that ROSS possessed those firearms, including the machinegun, in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §924(c)(1)(A)(i) and (B)(ii).

Dated this 2nd day of November 2022.

_____
Kyle McGraw
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Subscribed and sworn to before me and signed in my presence and/or by reliable electronic means on this __2nd__ day of November 2022.

_____
Hon. Patricia T. Morris United States Magistrate Judge