UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KIJUAN ROSS,

    Defendant.
_____/

Case No. 1:23-cr-20168

Honorable Thomas L. Ludington
United States District Judge

**STIPULATION AND PROPOSED ORDER ADJOURNING SCHEDULING ORDER AND EXCLUDING DELAY**

The parties stipulate and jointly move to continue the motion cut-off date, the plea cut-off date, and the trial date for a period of at least 60 days with dates to be set by the Court. The parties further stipulate, and jointly move for the Court to find, that the time period between the date of the entry of the order and the trial date to be set by the Court qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The parties have been working towards attempting to resolve this case. To that end, counsel for Defendant has been reviewing this case and the discovery materials. The defendant requires additional time to review the discovery materials, fully analyze the sentencing issues and potential consequences, and more fully discuss the case and the possible alternatives with Defendant.

- Failure to grant this continuance would unreasonably deny counsel for the Defendant and the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Moreover, failure to grant a continuance could result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

The parties request that the Court grant a continuance of the trial date, the plea cut-off date, and the motion cut-off date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

DAWN N. ISON
United States Attorney

| s/*Katharine Hemann* | s/*Elias Escobedo* |
|---|---|
| Katharine Hemann | Elias Escobedo |
| Assistant United States Attorney | Attorney for Defendant |
| 101 First Street, Suite 200 | 955 W. Huron St. |
| Bay City, MI 48708 | Waterford, MI 48328 |
| Katharine.Hemann@usdoj.gov | elias@escobedolaw.com |
| (989) 891-0363 | (248)682-8400 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                 Case No. 1:23-cr-20168

v.                                          Honorable Thomas L. Ludington
                                                  United States District Judge

KIJUAN ROSS,

    Defendant.
_____/

**ORDER EXLUDING DELAY AND ADJOURNING SCHEDULING ORDER**

This Court has considered the Parties' stipulation and joint motion to adjourn the motion and plea cutoffs and the trial date, and to find that the time from May 23–August 8, 2023, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

For the reasons described in the Parties' submission, and after considering the factors listed in 18 U.S.C. § 3161(h)(7), this Court finds the ends of justice served by granting the Parties' requested continuance outweighs the best interests of the public and Defendant in a speedy trial and that the time from the entry of this order to the new trial date to be set by the Court is excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

Specifically, this Court finds that:

- The parties have been working towards attempting to resolve this case. To that end, counsel for Defendant has been reviewing this case and the discovery materials. The defendant requires additional time to review the discovery materials, fully analyze the sentencing issues and potential consequences, and more fully discuss the case and the possible alternatives with Defendant.

- Failure to grant this continuance would unreasonably deny counsel for the Defendant and the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, failure to grant a continuance could result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly, it is **ORDERED** that the time from the entry of this order through the new trial date set by the court is **EXCLUDED** under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

Further, it is **ORDERED** that the Scheduling Order, ECF No. 20, is **ADJOURNED** as follows:

| | |
|---|---|
| Motion Cutoff: | June 29, 2023; |
| Plea Cutoff: | July 11, 2023; |
| Final Pretrial Conference: | July 20, 2023, at 4:00 PM EDT; and |
| Trial: | August 8, 2023, at 8:30 AM EDT. |

Dated: May 5, 2023

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge