UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 1:23-cr-20168

v.                                                  Honorable Thomas L. Ludington
                                                         United States District Judge
KIJUAN D. ROSS,

        Defendant.
_____/

**OPINION DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**

Before this Court is an indictment rooted firmly in the somber sphere of narcotics and gun-related crimes. Kijuan D. Ross stands indicted on five counts. Unimpressed with the gravity of some of the allegations, Ross seeks dismissal of the charge of possessing a firearm in furtherance of a drug-trafficking crime for failure to state an offense.

The question presented is whether the charge passes muster under the constitutional test for sufficiency, which requires that it delineates the elements of the charged offense, fairly informs the defendant of the charge, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense.

I.

In April 2023, Defendant Kijuan D. Ross was indicted for possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a), (b)(1)(B)(viii), possession with intent to distribute crack, *id.* § 841(a), possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), felon in possession of a firearm, *id.* § 922(g)(1), and possession of a machinegun, *id.* § 922(o). ECF No. 21.

On June 8, 2023, he filed a motion to dismiss the possession-in-furtherance charge ("Count III") from the First Superseding Indictment, arguing it "fails to state an offense." ECF No. 26 at PageID.92 (citing FED. R. CRIM. P. 12(b)(3)(B)(v)). Specifically, Defendant believes the indictment does not sufficiently state or allege the elements of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* The Government says it's good enough. ECF No. 29.

## II.

An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Although the indictment may "state[] the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense," *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001), "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged," *Hamling*, 418 U.S. at 117–18 (internal quotation marks and citation omitted). "Courts u[s]e a common-sense construction in determining whether an indictment sufficiently informs a defendant of an offense." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (quoting *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989)). Yet courts should not consider the evidence on which the indictment is based. *See Landham*, 251 F.3d at 1080.

The indictment here is sufficient with respect to Count III. First, the indictment provides all the elements of the charged crime. *Compare United States v. Mackey*, 265 F.3d 457, 460 (6th Cir. 2001) (penalizing "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses

a firearm"), *with* ECF No. 21 at PageID.59–60 (alleging that Defendant "knowingly possessed a firearm . . . in furtherance of a drug trafficking crime . . . that is, possession with intent to distribute methamphetamine . . . in violation of [18 U.S.C. § 924(c)(1)(A)(i)"). And the indictment specifically states the statutes at issue for this charge, thus giving Defendant fair notice of the charges against him. ECF No. 21 at PageID.59–60 (charging Defendant with "Possession of a Firearm in Furtherance of a Drug Trafficking Crime" under "18 U.S.C. § 924(c)(1)(A)(i)" (emphases omitted)). Finally, the indictment gives the approximate time and place of the charged offense. *Id.* ("On or about August 31, 2022, at a residence in the Eastern District of Michigan . . . ."). Therefore, the indictment sufficiently charges Defendant under 21 U.S.C. § 924(c)(1)(A)(i). *See United States v. Cobbs*, 233 F. App'x 524, 532–33 (6th Cir. 2007) (holding that an indicted charge of 18 U.S.C. § 924(c)(1)(A) is sufficient if it states that the defendant "knowingly possess[ed] one or more of the following firearms in furtherance of any of the above said drug trafficking crimes" (alteration in original)).

For these reasons, Defendant's Motion to Dismiss Count Three of the First Superseding Indictment under Criminal Rule 12(b)(3)(B)(v), ECF No. 26, will be denied.

## III.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss Count Three of the First Superseding Indictment under Criminal Rule 12(b)(3)(B), ECF No. 26, is **DENIED**.

**This is not a final order**.

Dated: July 25, 2023                                        s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge