UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No. 1:23-cr-20168

v.                                     Honorable Thomas L. Ludington
                                           United States District Judge

KIJUAN D. ROSS,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S PRO SE MOTION TO DISMISS COUNSEL**

This matter is before this Court upon Defendant Kijuan Ross' pro se Motion to Dismiss Counsel. ECF No. 38. Because Defendant proceeds in a hybrid fashion, his Motion will be denied.

In April 2023, Defendant Kijuan Ross was indicted for possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a) and 841(b)(1)(B)(viii) (Count I), possessing cocaine base with an intent to distribute, 21 USC § 841(a) (Count II), possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 842(c)(1)(a)(i) (Count III), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Count IV). ECF No. 21.

On June 8, 2023, Defendant filed a motion to dismiss Count Three, ECF No. 26, which was denied by this Court on July 25, 2023. ECF No. 35. On June 8, 2023, Defendant also filed a Motion to Suppress all evidence seized from the search. ECF No. 25. Further, on July 5, 2023, Defendant filed a Motion to Dismiss Count Four of the First Superseding Indictment, being a felon in possession. ECF No. 30. Both of these motions are set for an in-person hearing on September 20, 2023 at 2:00 PM EDT. ECF No. 37.

Most recently, on September 13, 2023, Defendant filed a Motion to Dismiss Counsel Elias J. Escobedo, Jr. (Counsel). ECF No. 38.

In support of his present Motion to Dismiss Counsel, Defendant asserts: (1) "there is a breakdown in communication between Defendant . . . and Counsel" as Counsel has failed to update Defendant with relevant court dates, (2) "Counsel does not return calls or communicate in any fashion" with Defendant, (3) "Counsel has stated that he does not have an affirmative defense and is not ready for trial" and has filed meritless motions, (4) "health problems have occurred due to panic and stress due to" Counsel's lack of communication, and (5) "Counsel . . . has not communicated or asked to stipulate with Defendant in regards to [the] Speedy Trial Act." ECF No. 38 at pageID.181–83.

But Defendant has filed his Motion pro se while represented by an attorney, Elias J. Escobedo Jr. For that reason, Defendant is proceeding both through counsel and pro se in a "hybrid" fashion. *E.g.*, *United States v. Dehar*, No. CRIM. 07-20558, 2008 WL 4937855 (E.D. Mich. Nov. 14, 2008); *see McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even represent themselves, *see Faretta*, 422 U.S. at 819–20, the right of self-representation does not include the right to proceed in a hybrid manner. *McKaskle*, 465 U.S. at 183; *see United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987). Because Defendant has filed a hybrid motion, the Motion will be denied.

Defendant may seek relief from this Court through his attorney.

- 3 -

Accordingly, it is **ORDERED** that Defendant's pro se Motion to Dismiss Counsel, ECF No. 38, is **DENIED**.

Further, it is **ORDERED** that the in-person hearing regarding Defendant's two other outstanding motions—his Motion to Suppress, ECF No. 25, and his Motion to Dismiss Count Four, ECF No. 30— will continue as scheduled, on September 20, 2023, at 2:00 PM EDT.

Dated: September 14, 2023                   s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge